UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

LOWELL REED,

                      Plaintiff,

                 - against -

CITY OF NEW YORK, Police Officer
JOHNSON, 100 PCT, in his official and
individual capacity, Queens County District
Attorney, RICHARD A. BROWN, in his official
and individual capacity, Defense Counsel LORI
GOLOMBEK, in his official and individual
capacity.

                      Defendants.

------------------------------------------------------------ X

NOT FOR PUBLICATION

MEMORANDUM & ORDER

16 Civ. 0428 (AMD) (RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 28 2016 ★
BROOKLYN OFFICE

ANN DONNELLY, District Judge.

On January 8, 2016, the plaintiff, now incarcerated at the Anna M. Kross Center on Rikers Island, filed this *pro se* Section 1983[1] action in the Southern District of New York. The case was transferred to this Court on January 19, 2016. For purposes of this order only, I approve the plaintiff's request for *in forma pauperis* status. The complaint is dismissed; the plaintiff may amend his complaint within thirty days of this Order, as described below.

---

[1] Section 1983 provides, in pertinent part:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .
42 U.S.C. § 1983.

1

## BACKGROUND

The plaintiff claims that he was falsely arrested, "singl[ed] out" from his co-defendants, maliciously prosecuted, and denied a fair trial. (Compl. at 3.) He says that his defense lawyer committed "legal malpractice," and he also accuses the sentencing court of ordering an "unauthorized & illegal sentence."[2] (Compl. at 4.) In his action for monetary damages, the plaintiff names the City of New York, Police Officer Johnson, the Queens County District Attorney Richard A. Brown, and the plaintiff's criminal defense attorney, Lori Golombek.

## DISCUSSION

The Court is to review a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, under the *in forma pauperis* statute, the Court must dismiss the lawsuit if it finds that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The plaintiff brings this lawsuit without a lawyer, and therefore his complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("we remain obligated to construe a *pro se* complaint liberally."). Nonetheless, the plaintiff must still plead "enough facts

---

[2] Specifically, the plaintiff says that he was acquitted of the all felony counts under Indictment No. 00025-2012, and that he served more than eighteen months in prison on the remaining misdemeanor charge. (Compl. at 3–4.) I take judicial notice that plaintiff has a criminal case pending under docket number 2015QN039217 in the Supreme Court of Queens County and his next court date is April 4, 2016. *See* https://iapps.courts.state.ny.us/webcrims (plaintiff's case identified by his name and NYSID# 0435897P, last visited on Mar. 23, 2016). It is unclear whether the pending case is related to the claims raised in this complaint.

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To do so, the plaintiff must provide enough facts to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Prosecutorial Immunity

The plaintiff alleges that "the District Attorney's Office malicious[ly] prosecuted this plaintiff," (Compl. at 3), and he names District Attorney Richard Brown "in his official and individual capacity" as a defendant. Prosecutors have absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity from Section 1983 liability covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (citation omitted); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (immunity applies when a prosecutor acts as "an officer of the court."). Accordingly, the complaint is dismissed as to Queens County District Attorney Richard A. Brown.

### B. Defense Counsel

The plaintiff also brings suit against his defense counsel Lori Golombek for "legal malpractice" pursuant to Section 1983. (Compl. at 3.) Section 1983 constrains acts "committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (state-action requirement "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"). A defense attorney does not act "under color of state law" if she, in acting as counsel to a defendant in a criminal case, merely performs "a lawyer's traditional

3

functions."[3] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997). Therefore, the claim against the plaintiff's defense attorney Lori Golombek is dismissed.

### C. City of New York

In order to sustain a claim for relief under Section 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of a policy or custom that caused the deprivation of the plaintiff's federal or constitutional rights. *Monell v. Dep't of Social Servs of the City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). Here, the plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of the individual defendants is attributable to a municipal policy or custom. Therefore, plaintiff has not made the required showing to confer *Monell* liability on the City of New York, and the complaint against the City of New York is therefore dismissed.

### D. Leave to Amend

The plaintiff fails to make any allegations against Police Officer Johnson of the 100th Police Precinct. A Section 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). However, if a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222

---

[3] In particular, a *public defender* does not typically act "under color of state law" when she merely performs the regular function of providing a criminal defense. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

4

F.3d 99, 112 (2d Cir. 2000) (citation omitted). I therefore grant the plaintiff leave to file an amended complaint against Police Officer Johnson as set forth below.

## CONCLUSION

The complaint is dismissed against the City of New York, the Queens County District Attorney Richard A. Brown, and defense counsel Lori Golombek. However, in light of the Court's duty to construe a plaintiff's *pro se* complaint liberally, I grant the plaintiff leave to amend his complaint against the remaining defendant, Police Officer Johnson, within thirty days of this Order. In the amended complaint, the plaintiff must allege facts to show what Police Officer Johnson did that caused the plaintiff harm and violated his rights under federal law or the Constitution. He must provide the dates and locations of all events and a brief description of what occurred. If the plaintiff does not file an amended complaint within thirty days or show good cause why he cannot comply, judgment dismissing this action will be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
March 28, 2016